IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JESSE R. THOMAS,<br><br>                Petitioner<br><br>VS.<br><br>TYDUS MEADOWS, WARDEN,<br><br>                Respondent | NO.  3:07-CV-13(CDL)<br><br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is petition seeking federal habeas corpus relief filed by Jesse R. Thomas. Tab #2. He has sued Tydus Meadows alleging four grounds that he claims entitle him to federal habeas corpus relief. Respondent Meadows has filed an answer/response to the petition. Tab #6. After careful consideration, the undersigned recommends that this petition be **DENIED**.

### I. Factual Background

The following is the recitation of facts offered by the prosecutor during the petitioner's plea hearing. Included are the facts which the state expected to prove in the event that this matter went trial. These facts are undisputed by the parties. As such, the are adopted by the court.

> On May 14, 2004, the defendant was the driver of a truck that was coming out of Floyd Road in Loganville where it empties out into Highway 78, kind of in front of the Publix Shopping center and the fast food places there. He proceeded through that intersection, failed to yield to oncoming traffic, and then hit head-on into a vehicle that was being driven by Mr. Jason Voyles. Mr. Voyles did suffer some injury in the accident, but it was basically soft-tissue soreness, that kind of stuff. The passenger in Mr. Thomas's vehicle was Mr. Michael McKinney. He is actually the owner of that truck and had allowed Mr. Thomas to drive the truck. And we had discussed before that they were both intoxicated at the time and that Mr. Thomas was, in fact, less intoxicated than Mr. McKinney.

As a result of that accident, Mr. McKinney suffered an injury, basically a displaced fracture of one of his vertebrae in his neck. As a result of that injury, he eventually had to wear a collar at home for about four months in speaking with his family. It basically limited the use of his neck during that time period. However, in speaking with his father about that, it has not – basically, Mr. McKinney was already under constant care due to his mental health conditions. And so he just continues to do that and he has had basically a limitation on the use of his neck for that time. There has been no surgery; there is no scarring; there is no other injuries that are apparent to another person in looking at him. And he has since stopped wearing the collar.

After the accident, Mr. Thomas – as a bunch of onlookers came out and saw what had occurred, they came to Mr. Thomas to see if he was okay. Mr. Thomas essentially got out of the car and took off running. He ran across the street, across Highway 78, into a church, into the Loganville Christian Church on the corner. And then he went behind there and hid in the woods. It wasn't until a couple of hours later, using a helicopter and some K-9 units, that they were able to actually get ahold of Mr. Thomas and take him into custody. At the time, blood was taken from him and he smelled strongly of an odor of alcohol and did consent to a blood test. The subsequent result of that test was a .119.

And he did have a suspended license at the time and there were open containers of alcohol inside the vehicle.

## II. Procedural History

In July of 2004, petitioner Thomas was indicted by a Walton County, Georgia grand jury for the offenses of serious injury by vehicle, failure to stop at or return to scene of accident, failure to yield right of way, driving under the influence (*per se*), driving under the influence (less safe), driving while license suspended, and open container. On October 22, 2004, the petitioner, with the aid of counsel, entered pleas of guilty to the offenses of failure to stop at or return to scene of accident (felony), failure to yield right of way, driving under the influence *(per se)*, and driving while license suspended. He was sentenced to a total of eight (8) years incarceration with the final three (3) to be served on probation. The charges of serious injury by vehicle and driving under influence (less safe) were *nolle prossed*. The petitioner did not seek a direct appeal.

2

On August 23, 2005, petitioner Thomas filed a **state** habeas corpus petition challenging his Walton County convictions. Following an evidentiary hearing held on February 16, 2006, the **state** habeas corpus court denied relief. The order denying relief was entered on September 21, 2006. The Georgia Supreme Court subsequently denied the petitioner's application for a certificate of probable cause to appeal in order dated January 8, 2007. On February 13, 2007, the petitioner filed the instant **federal** petition.

### III. Need for an Evidentiary Hearing

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), if an applicant has failed to develop the factual basis of a claim in state court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, the undersigned finds that an evidentiary hearing is not warranted in this case.

### IV. Legal Standards

Under 28 U.S.C. § 2254(d), federal courts should not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. Discussion

In support of his petition, and in what is essentially the central theme of his demand for unspecified habeas relief, petitioner Thomas contends that the evidence involving and/or the manner in which the state accused him of the felony offense of failure to stop at or return to a scene of an accident was only sufficient to demonstrate a violation of the statute's misdemeanor provisions. By way of explanation, he avers that in order to be subject to the felony provisions of the statute, the accident must have resulted in serious injury. He then argues that, in light of the prosecutor's decision to *nolle prosse* the separate charge of serious injury by vehicle, coupled with the fact that he never admitted to causing such an injury, it is clear that the state had insufficient evidence to demonstrate that any serious injury had occurred.

Relying upon these arguments, the petitioner asserts that his attorney provided ineffective assistance by (1) failing to properly explain that this offense, as charged, was a misdemeanor; (2) failing to explain that, in view of the evidence, he could only be properly found guilty of a misdemeanor; (3) erroneously advising him to plead guilty to felony failure to stop at or return to a scene of an accident; and, (4) failing to comply with his written requests to file a motion to withdraw the guilty plea. The petitioner then argues that the trial court, also upon written request, erred by refusing to allow him to withdraw his guilty plea. Finally, he argues that because the crime he committed was only a misdemeanor, being sentenced as a felon violates his Fourteenth Amendment right of due process.

4

It is well settled that a petitioner setting forth an ineffective assistance of counsel claim must prove two separate things in order to merit habeas corpus relief. First, he must show that his counsel's performance fell below an objective standard of reasonableness. Next, he must show that he suffered prejudice from the alleged deficiencies of his attorney. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1]

The petitioner's ineffective assistance claims were raised and adjudicated in his **state** habeas petition. In so doing, the **state** habeas court correctly identified and properly applied the *Strickland* standard and found his claims to be without merit. As such, their decision was not contrary to or an unreasonable application of Federal Law. Consequently, and pursuant to the standards set forth in 28 U.S.C. § 2254(d), the undersigned finds that the petitioner is not entitled habeas relief on his ineffective assistance of counsel claims.

With respect the petitioner's ground alleging the trial court's allegedly erroneous refusal to allow the guilty plea to be withdrawn, this ground is also without merit. Petitioner Thomas unsuccessfully raised this ground in his **state** habeas action. Pursuant to 28 U.S.C. § 2254(d), in order to sufficiently state a claim for **federal** habeas relief, the petitioner must demonstrate that the state court's decision to deny relief on this ground was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. As to this ground, and after careful review, it is clear that the state court's determination was made in accordance with state's procedural rules governing motions to withdraw pleas. Moreover, the decision did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable determination of the facts in light of the evidence presented. As such, the petitioner is not entitled habeas relief on this ground.

---

[4] The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. The petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). *See also Esslinger v. Davis*, 44 F.3d 1515 (11th Cir. 1995).

In his remaining grounds for relief, the petitioner contends that his Fourteenth Amendment rights were violated in that the offense that he is serving time for does not amount to a felony insofar as his failure to stop at or return to the scene of the accident did not involve serious injury. Because the question of whether the petitioner actually presented these exact grounds to the state courts in dispute, the undersigned will proceed as though they are properly before the court. Having read the arguments of the parties, the core of these grounds appears to rely somewhat upon a sufficiency of the evidence analysis.

As a **federal** habeas court, our review of the petitioner's conviction is limited to consideration of whether the evidence is sufficient as a matter of federal constitutional law. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987). *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Where a petitioner's conviction came after a trial, the task of addressing such a claim on habeas corpus review is to determine whether any rational trier of fact would have found proof of guilt beyond a reasonable doubt. In applying this test, the evidence must be reviewed in the light most favorable to the prosecution. In this case, however, the matter is somewhat complicated insofar as there was no trial. As such, the court must rely upon the somewhat limited evidence of record. Having reviewed this evidence, the undersigned concludes that the evidentiary and/or factual basis for the petitioner's guilty plea conviction for felony failure to stop at or return to the scene of the accident is constitutionally sufficient. That is, even though the prosecutor ultimately *nolle prossed* the separate felony charge of serious injury by vehicle, sufficient evidence of a serious injury exists to support the petitioner's conviction. Consequently, and after a review of the standards set forth in 28 U.S.C. § 2254(d), the undersigned finds that the petitioner is not entitled habeas relief on these grounds.

In light of the foregoing, IT IS RECOMMENDED that the petition of Jesse R. Thomas for relief under provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 11th day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE